IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

---

BUCKMAN LABORATORIES                )
INTERNATIONAL, INC.,                )
                                    )
    Plaintiff,               )
                                    )
vs.                                 )       No. 05-2431-JPM/dkv
                                    )
JOSE PITA, JOSE SORIA, MARCO        )
QUOINONES, CESAR CANTU, and         )
LABORATORIOS DE ANALYSIS            )
HORTOFRUTICOLA Y                    )
SERVICIOS CONEXOS,                  )
                                    )
    Defendants.              )

---

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

---

    Pending before the Court is Plaintiff Buckman
Laboratories International, Inc.'s ("Buckman") Motion for
Summary Judgment (Doc. 34) as to Defendants José de Jesùs
Pita Gómez, José Alberto Soria Verduzco, and Marco Antonio
Quiñonez Fierro a/k/a Marco Antonio Quiñones Fierro, filed
March 7, 2008.  Defendants failed to respond to the motion
or appear at the hearing on the motion on May 19, 2008.
For the reasons discussed below, the Court GRANTS Buckman's
Motion for Summary Judgment as to Defendants Pita Gómez,
Soria Verduzco, and Quiñonez Fierro.

## I. Background

This case arises from Buckman's operations in Mexico. Buckman manufactures specialty chemicals for aqueous industrial systems. (Pitcher Aff. (Doc. 34-4) ¶ 5.) Defendants Pita Gómez, Soria Verduzco, and Quiñonez Fierro all worked in Buckman's Mexican subsidiary, Buckman Laboratories S.A. de C.V. (Id. ¶ 7.) On September 22, 2003, Buckman terminated Pita Gómez's employment after he threatened other Buckman employees in violation of Buckman's ethical policy. (Id. ¶ 11.) The following day an anonymous letter alleged dishonest conduct by all the individual Defendants. (Id. ¶ 12.) In response to this letter, Buckman retained an independent accounting firm to investigate the allegations of improper behavior. (Id.)

The investigation revealed that corporate Defendant, Laboratorio de Analisis Horto-Fruticolas y Servicios Conexos, S.A. de C.V. ("Lafrusco"), was duplicating Buckman's services and operations in Mexico and was owned by the individual Defendants. (Pomerantz Aff. (Doc. 34-5) ¶ 5.) The investigation discovered that Lafrusco billed Buckman for services that Buckman normally performed for free and that Lafrusco assumed Buckman's Mexican laboratory operations, which were terminated without Buckman's knowledge. (Id. ¶¶ 5, 7.) Lafrusco received preferential

pricing and settlement terms in Buckman's Mexican distribution transactions. (Id. ¶¶ 7, 8.) This pricing scheme had cost Buckman $121,947.00 by the time of the investigation. (Id. ¶ 8.) In addition to paying lower rates for Buckman products than other distributors, Lafrusco simply did not pay its debts to Buckman, leaving $257,134.00 unpaid at the time of the investigation. (Id. ¶ 7.) The investigation also uncovered "zero value" invoices, which were issued at Pita Gómez's direction, totaling $79,217.00 in losses not attributable to any customer benefit. (Id. ¶ 10.) Pita Gómez also permitted the disbursement of $199,473.00 in corporate funds to a third-party, Construcciones e Instalaciones Madrid S.A. de C.V., though no evidence of any such entity or any services from any such entity were uncovered during the investigation. (Id. ¶¶ 11-13.)

Buckman filed suit against the corporate and individual Defendants on June 14, 2005, alleging breaches of fiduciary duties, intentional misrepresentation and fraud, intentional interference with business relationships, and civil conspiracy. On March 11, 2008, the Clerk of the Court made an Entry of Default as to corporate Defendant Laboratorio de Analisis Horto-Fruticolas y Servicios Conexos, S.A. de C.V. and as to

individual Defendant Cesar Edmundo Cantu Echgaray, who failed to answer the Complaint.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, and the nonmoving party is unable to make such a showing, summary judgment is appropriate. Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989). In considering a motion for summary judgment, however, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc.,799 F.2d 1128, 1133 (6th Cir. 1986), reh'g denied; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

When confronted with a properly-supported motion for summary judgment, the nonmoving party must "set out

specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Abeita v. TransAm. Mailings, Inc., 159 F.3d 246, 250 (6th Cir. 1998), reh'g and reh'g en banc denied.  A genuine issue of material fact exists for trial "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Id. at 251-52.

## III. Analysis

### A. Breach of Fiduciary Duties Claims

Officers of a corporation are fiduciaries to the corporation.  Johns v. Caldwell, 601 S.W.2d 37, 41 (Tenn. Ct. App. 1980).  Specifically, an officer of the corporation must act in good faith and remain loyal to the corporation.  Hayes v. Schweikart's Upholstering Co., 402 S.W.2d 472, 483 (Tenn. 1965).  Officers "are not permitted to deal with the corporation or its assets for their own private gain and cannot deal for themselves and for the corporation at one and the same time . . . ."  Cent. Bus Lines v. Hamilton Nat. Bank, 239 S.W.2d 583, 585 (Tenn.

1951).  Likewise, an employee, as an agent of their
employer, stands "in a fiduciary relationship to his
principal . . . under a duty to be careful, skillful,
diligent and loyal in the performance of his principal's
business and . . . for a failure to so act he subjects
himself to liability to his principal for any damages
naturally and proximately flowing from the breach of duty."
Pridemore v. Cherry, 903 S.W.2d 705, 707 (Tenn. Ct. App.
1995)(citing Gay & Taylor, Inc. v. Am. Cas. Co., 381 S.W.2d
304, 305 (Tenn. Ct. App. 1963)).

It is undisputed that, as officers and employees of
Buckman's Mexican subsidiary, individual Defendants Pita
Gómez, Soria Verduzco, and Quiñonez Fierro were fiduciaries
to Buckman.  There is also no dispute that these Defendants
breached their duties as fiduciaries when they overbilled
Buckman for Lafrusco's services, sold Buckman distribution
contracts to Lafrusco at preferential prices, allowed
Lafrusco to leave its debts to Buckman unpaid, and
distributed funds to a third party for work that was never
performed without first disclosing their interest in
Lafrusco.  It is also undisputed that as a result of these
disloyalties, Buckman suffered significant commercial
losses.  Accordingly, there is no dispute of material fact
regarding Defendants Pita Gómez, Soria Verduzco, and

Quiñonez Fierro's breach of their fiduciary duties to Buckman, and, therefore, the Court GRANTS Plaintiff's Motion for Summary Judgment as to those claims.

### B. Intentional Misrepresentation and Fraud Claims

An action for intentional or reckless misrepresentation contains four elements: (1) an intentional misrepresentation of material fact, (2) knowledge of the representation's falsity, (3) an injury caused by reasonable reliance on the representation, and (4) misrepresentation involving a past or existing fact. Spectra Plastics, Inc. v. Nashoba Bank, 15 S.W.3d 832, 840-41 (Tenn. Ct. App. 1999).

There is no dispute in this case that Pita Gómez issued "zero value" invoices for volumes of Buckman products not reasonably attributable to customer samples. None of these invoices contained proper documentation to support any claim that they were made for any legitimate business purpose. There is no evidence to suggest that Buckman's reliance on these invoices was unreasonable during the time period over which they were issued. However, there is no evidence in the record to indicate that Soria Verduzco and Quiñonez Fierro joined Pita Gómez in the "zero value" scheme. Accordingly, there is no

dispute of material fact regarding Defendant Pita Gómez's intentional misrepresentations to Buckman, and, therefore, the Court GRANTS Plaintiff's Motion for Summary Judgment as to him.

## C. Intentional Interference with Business Relationships

Liability for intentional interference with business relationships should be imposed on the interfering party provided that the plaintiff can demonstrate: (1) an existing business relationship with specific third parties or a prospective relationship with an identifiable class of third persons; (2) the defendant's knowledge of that relationship and not a mere awareness of the plaintiff's business dealings with others in general; (3) the defendant's intent to cause the breach or termination of the business relationship; (4) the defendant's improper motive or improper means; and finally, (5) damages resulting from the tortious interference. Trau-Med of Am., Inc. v. Allstate Ins. Co., 71 S.W.3d 691, 701 (Tenn. 2002).

The record in this case supports the claim that Defendants Pita Gómez, Soria Verduzco, and Quiñonez Fierro intentionally interfered with Buckman's business relationships. The individual Defendants inserted Lafrusco

into Buckman's existing relationships with customers and distributors. This usurpation of Buckman's Mexican business was so complete that the individual Defendants ceased Buckman's manufacturing operations altogether. Accordingly, there is no dispute as to any material fact that Defendants Pita Gómez, Soria Verduzco, and Quiñonez Fierro intentionally interfered with Buckman's business relationships, and, therefore, the Court GRANTS Plaintiff's Motion for Summary Judgment as to those claims.

### D. Civil Conspiracy

An actionable civil conspiracy is a combination of two or more persons, each having the intent and knowledge of the other's intent, who accomplish by concert an unlawful purpose, or accomplish a lawful purpose by unlawful means, which results in damage to the plaintiff. Trau-Med, 71 S.W.3d at 703 (citing Brown v. Birman Managed Care, Inc., 42 S.W.3d 62, 67 (Tenn. 2001)).

In this case the evidence that Defendants Pita Gómez, Soria Verduzco, and Quiñonez Fierro worked together to form and operate Lafrusco in order to usurp Buckman's profits is uncontested. Defendants Pita Gómez, Soria Verduzco, and Quiñonez Fierro used their positions within Buckman's Mexican operations to hire Lafrusco as a distributor at

preferential prices, to compete directly with Buckman for Buckman's existing and potential customers, and to otherwise leverage Buckman's resources to their advantage. As a result of this tortious conduct, Buckman suffered at least $657,771.00 in monetary losses. Accordingly, there is no dispute that Defendants Pita Gómez, Soria Verduzco, and Quiñonez Fierro conspired to defraud Buckman, and, therefore, the Court GRANTS Plaintiff's Motion for Summary Judgment on the claim of civil conspiracy.

## V. Conclusion

For the reasons discussed above, the Court finds as a matter of law that Defendants Pita Gómez, Soria Verduzco, and Quiñonez Fierro breached their fiduciary duties, intentionally interfered with Buckman's business relations, and committed civil conspiracy. The Court also finds that Defendant Pita Gómez made intentional misrepresentations to Buckman. Accordingly, the Court GRANTS Plaintiff's Motion for Summary Judgment in its entirety.

For the reasons discussed at the May 19, 2008, hearing the Court GRANTS default judgment as to Cesar Edmundo Cantu Echgaray and Laboratorio de Analisis Horto-Fruticolas y Servicios Conexos, S.A. de C.V.

Based on the Court's conclusions of law and findings of fact at the hearing, the Court AWARDS $2,541,176.00 in compensatory damages, including attorneys and expert fees, in favor of Buckman and against all Defendants jointly and severely.

So ORDERED this 29th day of May, 2008.


/s/ JON P. McCALLA
UNITED STATES DISTRICT JUDGE